IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GEORGE LEWIS                                                                           PLAINTIFF

vs.                                                        CASE NO.: 3:16cv 855 DPJ-FKB

PF MISSISSIPPI, LLC,
MIMI SANIK, Individually, and
CHAIM PURETZ, Individually                                      DEFENDANTS

---

## COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, George Lewis (hereinafter "Plaintiff"), by and through counsel of record, and files this Complaint against his former employers, Defendants, PF Mississippi, LLC, Mimi Sanik, Individually, and Chaim Puretz, Individually, collectively referred to as "Defendants", for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment

1

must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

5. Venue is proper in this Court because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

7. At all times material hereto, Plaintiff was employed by Defendants as non-exempt maintenance worker.

8. Plaintiff George Lewis worked as a maintenance worker for Defendants in Hinds County, Mississippi.

9. Defendants conduct business in Hinds County, Mississippi at 365 West Northside Drive, Jackson, Mississippi 39206.

## COVERAGE

10. At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

11. At all material times hereto (2013 – 2016), Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

12. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all material times hereto (2013 – 2016), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. At all material times hereto (2013 – 2016), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

16. At all material times hereto (2013 – 2016), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

17. At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a.    Operated instrumentalities of commerce;

    b.    Transported goods in commerce;

      c.      Used channels of commerce;

      d.      Communicated across state lines; and/or

      e.      Performed work essential to any of the preceding activities.

18. At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendants.

19. At all material times hereto (2013 – 2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a workweek.

20. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

22. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

23. Plaintiff George Lewis worked for the named Defendants as maintenance worker from approximately October 26, 2015 through August 15, 2016. His regular rate of pay was $15.00 per hour.

24. Defendants operate a company which provides multi-family housing.

4

25. Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

26. Defendants intentionally failed to credit and pay Plaintiff for all hours worked in a given workweek, thereby avoiding any obligation to pay overtime at a rate of time and one-half their regular rate of pay.

27. Defendants failed to accurately record Plaintiff's actual work times and manipulated Plaintiff's actual work times to make it appear as if he only worked a total of forty (40) hours per week.

28. All of the tools used by the Plaintiff were provided by the Defendants.

29. Plaintiff work(ed) well over forty (40) hours per week.

30. Typically, the Plaintiff work(ed) over ten (10) to fifteen (15) overtime hours per week without proper overtime compensation.

31. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) in a workweek.

32. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation, or even apprise Plaintiff of his right to overtime pay, with respect to Plaintiff.

33. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

34. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEFENDANTS

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek.

37. During his employment with all named Defendants, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

38. Defendants also failed to credit and compensate Plaintiff for all hours worked in a given workweek.

39. Plaintiff was essentially performing off-the-clock for Defendants.

40. In addition, all of the named Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

41. Each of the Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

42. All of the Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

43. Each of the Defendants determined Plaintiff's rate and method of payment.

44. Also, all of the Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

45. As a result each of the named Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

46.     As a result of each of the Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

47.     Plaintiff demands judgment against each of the Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which each of the Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

48.     Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against each named Defendant:

a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. Awarding Plaintiff pre-judgment interest;

e. Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 28th day of October, 2016.

Respectfully Submitted,

GEORGE LEWIS, PLAINTIFF

*/s/ Christopher W. Espy*

CHRISTOPHER W. ESPY, ESQ.

Christopher W. Espy, Esq.
(MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF